UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SATISH KADAM,<br><br>     Plaintiff,<br><br> v.<br><br>SONNY JOHNS,<br><br>     Defendants. | Case No. C23-5748 DGE<br><br>REPORT AND RECOMMENDATION TO DENY MOTION TO SHOW CAUSE (DKT. 1)<br><br>NOTED FOR NOVEMBER 24, 2023 |

   This matter comes before the Court on Defendant's motion to proceed *in forma pauperis.* Dkt. 1. The defendant filed a proposed notice of removal from Pierce County Superior Court (Dkt. 1-1) but the case has not yet been removed from state court.

   The Court, on September 20, 2023, issued an order asking Defendant to show cause why this matter should not remain in state court for lack of subject matter jurisdiction at the time of the proposed removal. Dkt. 7. While Defendant filed a timely response to the Court's order to show cause, it appears his response was directed more to Plaintiffs' separate motion to remand. *See* Dkts. 5,11. Upon reviewing Defendant's IFP motion and his response to the Court's order to show cause, it appears the Court lacks jurisdiction in this case. Thus, the Court recommends Defendant's IFP motion should be denied. Plaintiff's motion to remand (Dkt. 5) would thereby become moot.

   Federal courts are courts of limited jurisdiction. Jurisdiction is a threshold issue that must be raised sua sponte. *Steel Co. v. Citizens for a Better Environment*, 523 U.S.

REPORT AND RECOMMENDATION TO DENY
MOTION TO SHOW CAUSE (DKT. 1) - 1

83, 94-95 (1998). A federal court must have subject matter jurisdiction, which can be established by either the existence of a federal question or complete diversity of the parties. 28 U.S.C. §§ 1331 and 1332. A court is presumed to lack subject matter jurisdiction until a plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). The court "must look to the complaint as of the time the removal petition was filed" to determine whether the case could have been filed in federal court. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979).

Here, there is no showing that the Court has subject matter jurisdiction in this case. Defendant states in his proposed notice of removal from Pierce County Superior Court that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331 because "Plaintiffs' claims under the Washington Fair Business Practice Act arise from the same core of operative facts as the claims under the FDCPA and FRCA[1]." Dkt. 1-1. Defendant further states in his response to the Court's order to show cause that Plaintiff makes constitutional claims in his complaint. *See* Dkt. 11 at 2. Yet, a review of Plaintiff's original complaint shows that Plaintiff presents only state law claims. Dkt. 6-3.

Because this was the operative complaint at the time the proposed removal petition was filed, and it remains the operative complaint to this date, the Court should find that it does not have jurisdiction over this case. Thus, Defendant's motion for *in forma pauperis* should be DENIED and this case should remain in Pierce County Superior Court.

---

[1] Defendant did not point to specific clauses in the Complaint, and failed to provide citations to authority, to support their contention that plaintiff raised a claim under either of these statutes in his proposed notice of removal or his response to the Court's order to show cause. Dkt. 1-1, Dkt. 11.

NOTED FOR NOVEMBER 24, 2023 - 2

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on November 24, 2023, as noted in the caption.

Dated this 3rd day of November, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge